IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| MOLDIR ANDAKHAYEVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. __5:23-cv-00038__ |
| ) | |
| WINNERS FREIGHT, LLC, and ) | **JURY TRIAL DEMANDED** |
| CHRISTOPHER SCOTT SHERLOCK, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Moldir Andakhayeva, by and through her attorneys, and files this Complaint against Defendants, Winners Freight, LLC, and Christopher Scott Sherlock, and for her cause of action, states:

## PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiff, Moldir Andakhayeva, sustained serious personal injuries due to the negligence of the Defendants, Winners Freight, LLC and Christopher Scott Sherlock (herein after, "Defendants"), as the result of a motor vehicle accident which occurred on May 13, 2022, on Interstate 81 in Shenandoah County, Virginia. The Plaintiff seeks compensatory damages; affirmative and equitable relief; an award of costs and interest; and such other and further relief as this Court deems just and proper.

## JURISDICTION

2. Plaintiff Moldir Andakhayeva (hereinafter, "Andakhayeva"), was and is at all times relevant hereto, a resident and a citizen of Orange County, State of New York.

3. At all times herein mentioned, and upon information and belief, Defendant Winners Freight, LLC (hereinafter, "Winners"), was and is still a domestic limited liability company duly authorized and existing under and by virtue of the laws of the State of Illinois with a principal address at 12161 S Central Avenue, Suite 208, Alsip, Illinois 60803.

4. At all times herein mentioned, and upon information and belief, Defendant Christopher Scott Sherlock (hereinafter, "Sherlock"), was and is still a resident and a citizen of Bexar County, State of Texas.

5. This Court has jurisdiction by virtue of 28 U.S.C. § 1322 on the grounds that it has diversity jurisdiction in actions where the parties are residents of different states.

6. The motor vehicle accident complained of herein occurred in Shenandoah County, Commonwealth of Virginia.

## VENUE

7. Venue herein is proper for the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §1391(a), (b), (c) and (d).

## JURY TRIAL DEMAND

8. Plaintiff demands a trial by jury of all issues in this action that are triable.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
(*Personal Injuries*)

9. Plaintiff re-alleges and incorporates by reference all preceding Paragraphs as though fully set forth herein.

10. On or about May 13, 2022, and at all times herein mentioned, Plaintiff Andakhayeva was the registered owner and operator of a 2008 Toyota Sequoia bearing New York State license plate number KTP7388 and a 2021 American Trailer (herein after, "SUV and Trailer").

11. On or about May 13, 2022, and at all times herein mentioned, Defendant Winners was the registered owner of a 2018 Freightliner Cascadia bearing Illinois State license plate number P1139917 (hereinafter, "Truck").

12. On or about May 13, 2022, and at all times herein mentioned, Defendant Sherlock was an authorized operator of the Truck.

13. At all times material hereto, Defendant Sherlock was an employee, agent and/or servant of Defendant Winners acting within the course and scope of said employment and/or agency, and as a result, Defendant Winners is vicariously liable for the negligent, reckless, willful and wanton misconduct of Defendant Sherlock under the doctrine of *respondeat superior*.

14. On or about May 13, 2022, and at all times herein mentioned, northbound Interstate 81 in the County of Shenandoah, Virginia, was and remains a public roadway, street and/or thoroughfare.

15. On or about May 13, 2022, at the aforesaid location, Defendant Sherlock, while operating the Truck, failed to leave an adequate stopping distance to avoid a crash and rear-ended Plaintiff Andakhayeva's SUV and Trailer.

16. As a result of the crash, Plaintiff Andakhayeva was seriously injured, which resulted in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation and/or activation of pre-existing condition or physical defects, and loss of capacity for the enjoyment of life, all of which are continuing and are permanent in nature; past and future medical and related expenses; loss of earnings and/or loss of ability to earn monies in the past and permanent impairment of her future ability to earn income.

17. The aforesaid crash was caused wholly and solely by reason of the carelessness and negligence of Defendants stemming from the ownership, use, operation, and control of the Truck, and through no fault on any part of Plaintiff Andakhayeva.

18. Plaintiff's injuries were caused by the negligence and carelessness of the Defendants who were negligent in:

   a. Operating the Truck in a careless manner;

   b. Failing to keep the Truck under reasonable and proper control;

   c. Improper training;

   d. Failing to operate the Truck with due regard for the safety of the public and others;

   e. Failing to keep a proper lookout;

   f. Failing to observe what was available to be observed;

   g. Operating the Truck in a manner contrary to, and in violation of, the statutes, ordinances, rules and regulations applicable and in existence on the date of the occurrence;

   h. Failing to provide and/or make prompt and timely use of adequate and efficient brake and steering mechanisms;

   i. Operating the Truck in such a negligent and careless manner as to precipitate the aforesaid accident;

   j. Failing to take defensive action and to maintain a safe and sufficient distance between vehicles; and

   k. Were otherwise negligent in ways not specifically alleged.

19. By reason of the foregoing, Plaintiff Andakhayeva has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and which warrants the jurisdiction of this Court.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (*Property Damage*)

20.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19 as if fully set forth herein.

21.   By reason of the foregoing, Plaintiff's SUV and Trailer were damaged.

22.   Plaintiff is seeking to recover property damages equal to the full prevailing market value of her SUV and Trailer at the time of the occurrence.

WHEREFORE, Plaintiff, Moldir Andakhayeva, by counsel respectfully demands judgment of and from the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with prejudgment and post judgment interest, and the cost of her proceeding, as well as such other and further relief as this Court may deem appropriate.

Dated: June 19, 2023

Respectfully submitted,

MOLDIR ANDAKHAYEVA

By: /s/ Amy L. Stone
Amy L. Stone (VSB #80327)
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Tel: (757) 393-4093
AStone@MoodyRRLaw.com

Alexander Karasik
(will seek admission *pro hac vice*)
(New York State Bar #4415295, and
New Jersey State Bar #339532020)
KARASIK LAW GROUP, PC
1810 Voorhies Avenue, Suite 9
Brooklyn, NY 11235
Tel: (718) 502-9112
Alex@KarasikLawyers.com

*Attorneys for Plaintiff*